UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE FLAHERTY, an individual,<br><br>      Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | Case No. 2:20-cv-03897-FLA (GJSx)<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

This case concerns a motor vehicle accident that occurred on October 24, 2018, between Plaintiff Charlotte Flaherty ("Plaintiff") and United States Postal Service ("USPS") driver Daniel Donckels ("Donckels"). Donckels was employed by Defendant United States of America ("United States" or "Defendant"). Plaintiff asserts four claims under the Federal Tort Claims Act (28 U.S.C. § 2671 et seq., "FTCA") for negligence, negligence per se, negligent entrustment, and negligent supervision. Dkts. 11, 105.

The court held a bench trial from September 26, 2022, to September 30, 2022. Raymond D. McElfish of the McElfish Law Firm appeared on behalf of Plaintiff, and Jasmin Yang and Christina Marquez of the United States Attorney's Office appeared on behalf of Defendant.

On September 29, 2022, at the close of Plaintiff's case, the court heard argument on Defendant's oral Motion for Judgment on Partial Findings pursuant to Fed. R. Civ. P. 52(c) and took the motion under submission.[1] Dkt. 113. The parties submitted proposed findings of fact and conclusions of law on December 1, 2022. Dkts. 119, 120.

After considering and weighing the evidence presented at trial and evaluating the credibility of witnesses, the court GRANTS judgment in favor of Defendant.

## I. FINDINGS OF FACT

### A. The Accident

1. The accident occurred on October 24, 2018, at approximately 4:00 p.m., in Los Angeles, California, near the intersection of northbound Sepulveda Boulevard and westbound Victory Boulevard, in the northbound Sepulveda Boulevard left turn lanes. The weather conditions were clear and sunny. Traffic at the intersection was typically very heavy at that time of day.

2. Donckels, a USPS collections clerk, had been driving USPS trucks since 1990. On October 24, 2018, he was driving a USPS mail delivery truck that was about 30 feet long. When seated in the truck, Donckels was about 8 feet up from the ground.

---

[1] The court DENIES Defendant's Motion for Judgment on Partial Findings as MOOT.

The blind spots on the USPS truck were located in front of the grill, and on the rear passenger side. The USPS truck did not have any maintenance issues, mechanical issues, or brake problems.

3. Donckels was familiar with the intersection where the accident took place. He had been driving the same route for USPS, Monday through Friday, for approximately 20 years. On October 24, 2018, prior to the accident, Donckels had picked up mail from All Electronics, a local business, on Kester Avenue and Oxnard Street and another location at Califa Street and Noble Avenue. He was heading back to the USPS office.

4. As he drove northbound on Sepulveda Boulevard, before the intersection of Sepulveda and Victory, Donckels entered the number 2 left-hand turn lane to turn left onto westbound Victory Boulevard. He specifically used the number 2 left-hand turn lane because his USPS truck was about 30 feet long.

5. As Donckels approached the intersection, he was in the number 2 left-hand turn lane pocket. When he stopped at the red light, there were three cars in front of him in that same number 2 left-hand turn lane. To his left, there were four cars stopped in the number 1 left-hand turn lane in front of him.

6. Plaintiff was driving a white 1991 Honda Accord. Donckels did not see Plaintiff's car prior to the accident, or any white car in front of him in the left turn lanes while waiting for the light to turn green.

7. Plaintiff was in the northbound number 1 through lane on Sepulveda Boulevard and attempted to cut into the number 2 left-hand turn lane in front of Donckels' truck, causing the accident. Plaintiff attempted to pass the USPS truck while in its blind spot, as corroborated by Donckels' testimony that he did not see Plaintiff's car until after the impact occurred. Plaintiff intended to turn left on Sepulveda Boulevard to enter the Pho 999 parking lot, which was on the south side of Victory Boulevard. Donckels' speed at the time of the accident was 5 miles per hour.

8. The court does not find Plaintiff's testimony to the contrary to be persuasive

or credible. *See* Ninth Cir. Model Jury Instr. (Civil) 1.14 (2017).  For example, Plaintiff testified she was stopped in the number 2 left-hand turn lane on Sepulveda Boulevard, waiting to turn left on Victory Boulevard at a red light, when she was hit by Donckels' USPS truck.  She testified she was waiting at the limit line with no other cars in front of her, and that it was a very busy intersection, with a queue of cars to her left and immediate rear.  Plaintiff, however, did not see the USPS truck in either of the left turn lanes until the collision, yet believed Donckels had been in the number 1 left-hand turn lane before the accident and hit her car while straddling both left turn lanes.  The court cannot credit Plaintiff's testimony concerning the events leading up to the accident.  It would defy logic and common sense for the court to find that the USPS truck straddled both left turn lanes in heavy rush hour traffic — as Plaintiff testified — and somehow collided with Plaintiff's car while the traffic light was red without disturbing any of the many vehicles stationed between itself and Plaintiff's car.  The court does not find Plaintiff's testimony in this regard to be credible or reasonable given the evidence presented at trial.

9.   After the accident, Donckels and Plaintiff exited their vehicles and stood in the left turn pocket, where they had a short conversation.  Plaintiff told Donckels she had been trying to get in front of his truck at a prior intersection when turning right from Oxnard Street onto Sepulveda Boulevard.

10.   After the collision, Donckels and Plaintiff moved their vehicles to Victory Boulevard.  At that time, Plaintiff told Donckels it was her birthday and that she wanted to leave.  Donckels believed Plaintiff was in a hurry, but asked her to stay until his supervisor arrived.

11.   Donckels called his USPS supervisor, Charles Jones ("Jones").  Jones drove to the accident scene where he conducted an investigation.  Jones spoke with Donckels, took photographs of both vehicles, and then spoke with Plaintiff.

12.   Jones spent approximately ten minutes taking photographs of Plaintiff's car.  Plaintiff had a mobile telephone equipped with a camera, but did not take any

1  photographs at the accident scene.

2      13.    Plaintiff told Jones she was upset, that she had made birthday plans, and
3  that he and Donckels had ruined her birthday plans.  She also stated she did not have
4  time to give a statement.  As a result, Plaintiff did not provide a statement concerning the
5  accident to either Jones or Donckels.  Jones believed Plaintiff was in a hurry.

6      14.    Plaintiff did not tell Jones or Donckels that she was injured.  Donckels and
7  Jones did not observe Plaintiff to be in any physical distress after the accident.  No one
8  called the police or emergency services.

9      15.    That day, upon returning to USPS, Jones completed a USPS Accident
10 Investigation Worksheet for the accident and provided the following description:

> Two north facing lanes in Sepulveda.  The clerk was waiting in the lane on the right closest to traffic traveling straight.  Clerk claims the customer was traveling north in the number 1 lane on Sepulveda when she attempted to cut into the left-hand turning lane in front of the postal vehicle.  When the clerk began to move forward the front of his vehicle clipped the rear left bumper of the customer vehicle as she completed the lane change in front of the 7 Ton postal vehicle.

16 Admitted Exhibit 101-2.

17     16.    After completing his investigation, Jones ultimately found that Donckels
18 had not violated any rules of USPS, the California Vehicle Code, or the California
19 Driver Handbook.

20     17.    USPS drivers, such as Donckels, are not personally liable for any damages
21 for accidents they cause while on USPS duty; they do not get fined or charged.

22     **B.**    **Expert Testimony**

23     18.    The United States' accident reconstruction expert, Benjamin Molnar
24 ("Molnar"), testified the accident was a sideswipe collision with a small difference in
25 vehicle headings, that Plaintiff's car was traveling slightly faster at the time of collision,
26 and that Donckels' account of the accident was more consistent with the physical
27 evidence than Plaintiff's.

28     19.    To arrive at his conclusions, Molnar inspected Plaintiff's car, an exemplar

postal truck, and the collision site, reviewed photographs of damage to the vehicles and the parties' testimonies, and performed computational photogrammetry to determine the location of the damage on Plaintiff's car, an impact configuration study to determine how the vehicles collided, and kinematic analyses to determine the speed of the vehicles at the time of the accident.

20. The court finds Molnar's testimony credible and convincing. The testimony of Plaintiff's reconstruction expert, Colonel John Smith ("Smith"), was not persuasive to the extent it differed from Molnar's opinions. Smith did not physically inspect the accident scene, take any measurements of the roadway or lanes, physically inspect the vehicles, laser scan the vehicles, take any photographs of the vehicles, or perform any photogrammetry based on the accident photographs.

21. Any finding of fact that may be deemed a conclusion of law is hereby adopted as a conclusion of law.

## II.   CONCLUSIONS OF LAW

### A.   Governing law under the Federal Tort Claims Act

1. Under the FTCA, the substantive law of the state where the allegedly negligent act occurred applies. 28 U.S.C. § 1346(b)(1). To be cognizable, the claim must arise from the negligent or tortious act of a government employee acting within the scope of his or her employment under circumstances where the United States, if it were a private individual, would be liable under the law of the state where the claim arose. 28 U.S.C. § 2674.

2. Plaintiff asserts claims for negligence, negligence per se, negligent entrustment, and negligent supervision under the FTCA. California law applies because the accident occurred in California.

### B.   Plaintiff's Claims

#### 1.   Negligence

3. To prevail on a negligence claim, a plaintiff has the burden of proving by a preponderance of the evidence that (1) the defendant was negligent, (2) plaintiff was

harmed, and (3) the defendant's negligence was a substantial factor in causing the plaintiff's harm. California Civil Jury Instructions ("CACI") No. 400. In other words, the elements of negligence are duty, breach of duty, causation, and damages. *Carrera v. Maurice J. Sopp. & Son*, 177 Cal. App. 4th 366, 377 (2009) (citations omitted).

4. "A failure to use reasonable care in driving a vehicle is negligence." CACI No. 700. "Drivers must keep a lookout for pedestrians, obstacles, and other vehicles. They must also control the speed and movement of their vehicles." *Id.*

5. To be legally sufficient, evidence of causation must demonstrate that it was "more likely than not that the injury was a result of [the defendant's] action." *Bowman v. Wyatt*, 186 Cal. App. 4th 286, 312 (2010) (quotation omitted).

6. As stated, the court finds Donckels' testimony more credible than Plaintiff's. Therefore, the court finds that on October 24, 2018, Donckels was in the number 2 left-hand turn lane on Sepulveda Boulevard, while Plaintiff was in the number 1 through lane on Sepulveda Boulevard. Plaintiff ignored Donckels' right of way and cut in front of the USPS truck to turn left on to Victory Boulevard, causing the accident.

7. In attempting to pass Donckels from the passenger side of his truck, coming from the number 1 northbound through lane on Sepulveda Boulevard, Plaintiff violated California Vehicle Code § 21750(a), which requires vehicles overtaking other vehicles moving in the same direction to pass "to the left at a safe distance without interfering with the same operation of the overtaken vehicle." The court's finding that Plaintiff attempted to pass the USPS truck while in its blind spot is corroborated by Donckels' testimony that he did not see Plaintiff until after the impact occurred.

8. As stated, Molnar's testimony concerning the accident reconstruction was more credible than that of Smith's. Molnar's analysis was supported by his inspections of the accident site, an exemplar USPS truck, and Plaintiff's car, and validated and peer reviewed methodology and analysis. Therefore, the court accepts Molnar's analysis and factual determinations.

9. Plaintiff's negligence in cutting off Donckels instead of traveling straight

through on northbound Sepulveda Boulevard was the sole cause of the accident.

10. Plaintiff did not demonstrate Donckels acted negligently by failing to operate the USPS truck in a safe manner, or that it was more likely than not that her injuries resulted from Donckels' actions.

11. Plaintiff's negligence claim, therefore, fails.

### 2. Negligence Per Se

12. Negligence per se is an evidentiary doctrine, under which the "violation of a statute gives rise to a presumption of negligence in the absence of justification or excuse." *Ramirez v. Nelson*, 44 Cal. 4th 908, 918 (2008). To establish negligence per se, a plaintiff must prove (1) the defendant violated a statute, ordinance, or regulation, and (2) the violation was a substantial factor in bringing about the harm. CACI No. 418.

13. Plaintiff argues Donckels violated California Vehicle Code § 22350 by driving unsafely and at an excessive speed. However, Plaintiff did not prove this during trial. As stated, the court finds Donckels and Molinar's testimony credible and persuasive, and determines that on October 24, 2018, Plaintiff ignored Donckels' right of way and turned her car in front of the USPS truck to cut in front of him at the intersection. Donckels was traveling approximately 5 miles per hour through the intersection at the time of the accident.

14. Plaintiff has not demonstrated either element of her claim. Thus, Plaintiff's negligence per se claim fails.

### 3. Negligent Entrustment and Negligent Supervision

15. To establish negligent entrustment of a motor vehicle, a plaintiff must prove that: (1) the driver was negligent in operating the vehicle; (2) the defendant owned the vehicle; (3) the defendant knew, or should have known, that the driver was incompetent or unfit to drive the vehicle; (4) the defendant permitted the driver to drive the vehicle; and (5) the driver's incompetence of unfitness to drive was a substantial factor in causing harm to the plaintiff. CACI No. 724.

16. To establish negligent hiring, supervision, or retention of employee, a

plaintiff must prove that: (1) the defendant hired the employee; (2) the employee was or became unfit or incompetent to perform the work for which he or she was hired; (3) the defendant knew or should have known that the employee was or became unfit or incompetent and that this unfitness or incompetence created a particular risk to others; (4) the employee's unfitness or incompetence harmed the plaintiff; and (5) the defendant's negligence in hiring, supervising, or retaining the employee was a substantial factor in causing the plaintiff's harm.  CACI No. 426.

17.  For the same reasons stated, Plaintiff's claims for negligent entrustment and negligent supervision both fail.  Plaintiff failed to prove Donckels operated the USPS truck negligently and that he was unfit or incompetent to perform the work for which he was hired.  Further, as Plaintiff was the sole cause of this accident, Defendant's entrustment, hiring, supervision, training, and retention decisions were not substantial factors in causing Plaintiff's harm.

18.  Any conclusion of law that is deemed to be a finding of fact is hereby adopted as a finding of fact.

### III. CONCLUSION

Plaintiff's claims for negligence, negligence per se, negligent entrustment, and negligent supervision fail.  As a result, the court need not reach testimony and evidence regarding damages.  Judgment shall be entered in favor of the United States.  The United States shall recover its costs.

IT IS SO ORDERED.

Dated: April 7, 2023

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge